IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICHARD ULL**,

**Plaintiff,**

**v.**

**FIRE SAFETY, INC.,**

**Defendant.**                                                                 No. 09-cv-509-DRH

**ORDER**

**HERNDON, Chief Judge:**

### I.  INTRODUCTION AND BACKGROUND

Before the Court is Plaintiff's Motion to Remand. (Doc. 10). Defendant timely filed a Response opposing remand. (Doc. 11). Thus, the issue is ripe for disposition. Also before the Court is Defendant's Motion to Consolidate this case with cause No, 09-cv-81. (Doc. 3). Plaintiff did not respond to Defendant's Motion to Consolidate. Finally, also pending is Defendant's Motion to Dismiss (Doc. 7) and Plaintiff's Motion for Leave to File a Response to Defendant's Motion to Dismiss out of Time (Doc. 13). For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Remand, **GRANTS** Defendant's Motion to Consolidate, and **DENIES** Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to File a Response to Defendant's Motion to Dismiss Out of Time as **MOOT**.

This case is one of two pending in this Court between these parties. The other case is styled *Richard Ull v. Fire Safety, Inc.*, 09-cv-81-DRH. Plaintiff filed the Complaint in that case in December 2008 in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. (Doc. 6-2). The singular focus of the Complaint was the allegation that Defendant fired Plaintiff for utilizing his employee health insurance benefit. The case was removed to this Court by Defendant in January 2009 based upon this Court's federal question jurisdiction over Employee Retirement Income Securty Act ("ERISA") claims. (Doc. 6). Plaintiff did not oppose the removal of that case.

On June 1, 2009 Plaintiff filed a second Complaint against Defendant in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. (Doc. 2-2). The Complaint consists of one count. Plaintiff alleges, *inter alia*, that Plaintiff was Defendant's employee that Defendant "[d]iscriminated against Plaintiff for his attempted use of health insurance for a new wife and child." (Doc. 2-2, ¶'s 2 & 8(h)). Along with that claim are several other claims of improper discriminatory/retaliatory action by Defendant against Plaintiff during his term of employment. (Doc. 2-2, ¶'s 8(a)-8(g)).

Defendant removed the case to this Court on July 9, 2009. (Doc. 2). As with the first case, the basis of the removal was federal question jurisdiction based on ERISA's total preemption of Plaintiff's claim. The focus of Defendant's Motion is the allegation in the Complaint that Defendant discriminated against Plaintiff for his attempted use of health insurance. Plaintiff timely filed the instant Motion to

Remand. In the Motion, Plaintiff argues that the Complaint filed in this case is based upon the Illinois Human Rights Act and not ERISA as Defendant contends. Defendant, in its Response, argues that Plaintiff's Complaint is preempted by ERISA because it includes a claim that Defendant discriminated against Plaintiff because of his use or attempted use of an employee benefit insurance plan.

## II.  LEGAL STANDARDS

Pursuant to removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." **28 U.S.C. § 1441(a)**. The removal statute is construed narrowly, and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. ***See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997)**. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)*(citations omitted)**. However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. §**

**1447(c)**.

In general, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." **28 U.S.C. § 1331**. Moreover, "in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." **28 U.S.C. § 1367**. The usual test of whether an action arises under federal law for purposes of Section 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint. ***See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987);** *Vorhees v. Naper Aero Club, Inc.*, **272 F.3d 398, 402 (7th Cir. 2001);** *Fuller v. BNSF Ry. Co.*, **472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007)**. In other words, "a claim 'arises under' the law that creates the cause of action." *Bennett v. Southwest Airlines Co.*, **484 F.3d 907, 909 (7th Cir. 2007) (citing** *American Well Works Co. v. Layne & Bowler Co.*, **241 U.S. 257 (1916))**. However, the doctrine of "complete preemption" creates an exception to the "well pleaded complaint rule." *Franciscan Skemp Healthcare, Inc. v. Central States Joint Board Health and Welfare Trust Fund*, **538 F.3d 594, 596 (7th Cir. 2008)**.

If state law is "completely preempted" by federal law, an action arises under federal law within the meaning of Section 1331 even if the complaint in the case

asserts no claim for relief under federal law. ***Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207, 124 S. Ct. 2488 (2004)**. Complete preemption occurs when "the preemptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. ***See Nelson v. Stewart*, 422 F.3d 463, 466-67 (7th Cir. 2005)**. The result is no different when the state law at issue is a statute rather than common law. ***Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 679 (7th Cir. 1997) (citing, 29 US.C. § 1441(c)(1))**.

One of the narrow class of federal statutes that completely preempts state law for purposes of federal question jurisdiction is the Employee Retirement Income Security Act of 1974 ("ERISA"). **29 U.S.C. §§ 1001-1461; *also see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-66 (1987); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486-87 (7th Cir. 1996)**. ERISA provides, in relevant part, that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." **29 U.S.C. § 1132(a)(1)(B)**. ERISA further provides that [i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under

the plan . . ..″ **29 U.S.C. § 1140.** Section 1140 also provides that "[t]he provisions of section 1132 of this title shall be applicable in the enforcement of this section." **29 U.S.C. § 1140.**

Courts in this circuit utilize the two part test set forth in *Aetna Health, Inc. v. Davila*, **542 U.S. 200, 210, 124 S. Ct. 2488 (2004)** to determine if ERISA completely preempts a state claim. *See Franciscan Skemp Healthcare, Inc. v. Central States Joint Brd. Health and Welfare Trust Fund*, **538 F.3d 594, 597 n.1 (7ᵗʰ Cir. 2008)**. Pursuant to the *Davila* two-part test, a state claim is completely preempted by ERISA if (a) the plaintiff could have brought a claim under ERISA based on the same claim; and (b) there is no legal duty implicated by Defendants actions that is independent of ERISA or the ERISA plan's terms. *Davila*, **542 U.S. at 210, 124 S. Ct. 2488**. However, a duty is not "independent" of ERISA in this context just because its breach also violates the state law. *See Aetna Health, Inc. v. Davila*, **542 U.S. 200, 211-212, 124 S. Ct. 2488 (2004) (duty of "ordinary care" imposed by Texas Health Care Liability Act ("THCLA") does not arise independently of ERISA because an interpretation of the ERISA benefit plan forms an essential part of the THCLA claim** ); *also see, Ingersoll-Rand v. McClendon*, **498 U.S. 133, 145 (1990) ("when it is clear or may be fairly assumed that the activities which a State purports to regulate are protected [by ERISA] due regard to the federal enactment requires that the state jurisdiction must yield");** *Kariotis v. Navistar Int'l. Tranp. Corp.*, **131 F.3d 672, 679 (7ᵗʰ**

**Cir. 1997) (ERISA preempts state law claims protecting employees from wrongful discharge when the claim relates to an employee's rights under an ERISA plan).** Nor can artful pleading avoid a federal forum by casting an ERISA claim solely in terms of state law. ***Tolle v. Carrol Touch, Inc.*, 977 F.2d 1129, 1137 (7th Cir. 1992)**.

The Illinois Human Rights Act ("ILHRA") provides, in relevant part, that "[i]t is a civil rights violation for an employer . . . to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges, or conditions of employment on the basis of unlawful discrimination. . ." **775 ILCS 5/2-102**. There is no mention of employee benefit plans. The specific allegation that is at the heart of Defendant's removal, is the allegation in the Complaint that Defendant "discriminated" against Plaintiff for the attempted use of his employee insurance benefit plan. Clearly, that claim of discrimination depends upon the existence of an employee benefit plan.

### III. ANALYSIS

The Court finds that Plaintiff could have sued Defendant pursuant to ERISA with regard to the allegation that Defendant discriminated against Plaintiff for his attempted use of his employee insurance benefit plan. Specifically, 29 U.S.C. § 1140, one of the core components of ERISA, fully encompasses that claim. Thus, the first element of the two part *Davila* test is met in this case.

The Court also finds that the duty in question does not arise independently

of ERISA. The ILHRA does not specifically mention employee benefit plans let alone provide that discrimination for the use of such plans is "unlawful." Moreover, it is apparent that the allegation at issue in this case wholly depends upon the existence of an employee benefit plan. That is because the "discrimination" at issue is "unlawful" for purposes of the ILHRA because of ERISA. Even if there is a state statute that independently provides that it is unlawful to discriminate on the basis of the attempted use of an employee benefit plan, it would still be preempted by ERISA. Such a duty is not one that is any more independent of ERISA than was the claim at issue in *Davila*. In fact, it is less so.

The duty at issue in Davila was that or ordinary care, which in most instances does arise independently of ERISA. **Aetna Health, Inc. v. Davila, 542 U.S. 200, 211-212, 124 S. Ct. 2488 (2004)**. The Supreme Court held that the duty of ordinary care did not arise independently of ERISA because the particular allegation at issue depended upon an interpretation of the employee benefit plan to determine his eligibility for the benefits in the first place. *Id*. However, in the case at bar, the duty at issue is one specifically addressed by ERISA, i.e., the duty to refrain from discrimination or retaliation for the exercise of benefits pursuant to an ERISA plan. **29 U.S.C. § 1140.** Such claims are always preempted. **See, e,g., Kariotis v. Navistar Int'l. Tranp. Corp., 131 F.3d 672, 679 (7th Cir. 1997)**. Plaintiff's artful casting of this claim solely in terms of the ILHRA does not save it from federal preemption. With the second element of the two part ***Davila*** test met, the Court

finds that Plaintiff's claim is completely preempted by ERISA.

Regarding Defendant's Motion to Consolidate, a review of the complaints in 09-cv-81 and that in the case at bar reveals them to concern the same issues between the same two parties. In fact, notwithstanding Plaintiff's artful pleading, they are identical claims. The only material difference is that they are at different stages of the procedural process. Thus, Defendant's Motion to Consolidate is well taken.

## IV. CONCLUSION

In sum, the Court finds that Plaintiff's allegation of employment discrimination for his use or attempted use of his employee insurance benefit plan is completely preempted by ERISA. Regarding the remaining claims of discrimination in Plaintiff's Complaint in this case, the Court finds that they are so related to the ERISA claim that they are part of the same case and controversy. Thus, the Court will exercise its supplemental jurisdiction over those claims. The Court further finds that the case at bar and cause 09-cv-81 should be consolidated.

Accordingly, the Court **DENIES** Plaintiff's Motion to Remand (Doc. 10), **GRANTS** Defendant's Motion to Consolidate (Doc. 3), and **CONSOLIDATES** the above captioned case, 09-cv-509-DRH with 09-cv-81-DRH. The newly consolidated case will proceed pursuant to Cause No. 09-cv-81-DRH. Plaintiff is **GRANTED** leave to file an amended Complaint in 09-cv-81-DRH within thirty (30) days of this order to reflect the consolidation of the cases. Defendant's Motion to Dismiss in 09-cv-509 (Doc. 7) and Plaintiff's Motion for Leave to File a Response to Defendant's Motion to

Dismiss Out of Time in 09-cv-509-DRH (Doc. 13) are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

Signed this 15th day of September, 2009.

/s/     David R Herndon

**Chief Judge
United States District Court**